W. Kelly Lundrigan (0059211)
Attorney for Plaintiff

IN THE COMMON PLEAS COURT
CLERMONT COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| BRUCE KAYLOR, | : | Case No. 2019 CVH 01227 |
| Plaintiff, | : | Judge Jerry R. McBride |
| v. | : | **AMENDED COMPLAINT** |
| MULTI-COLOR CORPORATION, | : | **WITH JURY DEMAND AND PRAECIPE FOR SERVICE ENDORSED HEREON** |
| Defendant. | : | |

Now comes Plaintiff Bruce Kaylor, ("Plaintiff" or "Mr. Kaylor"), through counsel, and hereby submits this Amended Complaint within twenty-eight days after service of the original Complaint under Civ.R. 15(A), against Defendant Multi-Color Corporation ("MCC"):

## PARTIES

1. Plaintiff Bruce Kaylor is a resident of Clermont County, Ohio, and resides at the address 3918 Windwood Court, Amelia, Ohio 45102, and he worked at the Multi-Color Corporation plant in Clermont County, Ohio. Mr. Kaylor brings claims arising from his wrongful termination by Multi-Color Corporation ("Multi-Color") on April 10, 2019.

2. Defendant Multi-Color is an Ohio Corporation located in Clermont County, Ohio. Multi-Color is a global label solutions provider.

## JURISDICTION AND VENUE

3. Plaintiff incorporates the allegations above as if fully restated here.

4.      This Court has jurisdiction, and venue is proper in Clermont County, as the Defendant's principal place of business is located within Clermont County, Ohio and the events at issue occurred there.

5.      The amount in controversy exceeds the jurisdictional minimum for the Court of Common Pleas.

6.      The causes of action pled herein for violations of federal statutes are claims over which this Court has concurrent jurisdiction with the federal courts.

## FACTUAL ALLEGATIONS

7.      Plaintiff incorporates the allegations above as if fully restated here.

8.      Mr. Kaylor is 59 years old.

9.      He worked at Multi-Color for almost 25 years, with one break in service for a period of time. He was a press operator. He had a good employment record, as his length of time with the company demonstrates.

10.     Mr. Kaylor suffered a stroke in 2011, from which he suffered and continues to suffer memory loss and other cognitive deficits.

11.     Mr. Kaylor's cognitive problems led to him asking to be taken off work on a more complicated press machine which he had difficulty operating, and Multi-Color transferred him to a different press machine.

12.     Following his stroke in 2011, Mr. Kaylor was disabled as defined in the Americans with Disabilities Act and otherwise qualified for the position he held, either with or without reasonable accommodation. Alternatively, Multi-Color regarded Mr. Kaylor as having such an impairment or had a record of such impairment.

13.     Mr. Kaylor was able to operate the press machine.

2

14.   In 2018 Mr. Kaylor suffered another health event while at work at Multi-Color, experiencing back and neck pain starting between his shoulder blades and numbness in his fingers up to his neck and his left arm, during which his supervisor called an ambulance and reported to the paramedics that Mr. Kaylor had suffered a stroke previously, and that he believed Mr. Kaylor was having another stroke.

15.   Mr. Kaylor requested that the incident be reported as a First Report of Injury to Ohio Worker's Compensation to the supervisor, which request the supervisor ignored.

16.   Following the health event that occurred in 2018, Mr. Kaylor was disabled as defined in the Americans with Disabilities Act and otherwise qualified for the position he held, either with or without reasonable accommodation. Alternatively, Multi-Color regarded Mr. Kaylor as having such an impairment or had a record of such impairment.

17.   Mr. Kaylor was able to operate the press machine.

18.   Mr. Kaylor had filed worker's compensation claims for carpal tunnel syndrome against Multi-Color in the past, which had required surgery and months off work in recovery.

19.   Multi-Color had reason to know of Plaintiff's disability.

20.   Multi-Color was aware of Plaintiff's request to submit a First Report of Worker's Injury to the Bureau of Worker's Compensation.

21.   On April 10, 2019, Mr. Kaylor was terminated from his employment by Multi-Color for an alleged "internal quality error" that Mr. Kaylor allowed "10 master rolls" to be produced with "yellow out of specification which resulted in the product not being suitable for shipment to the customer."

22.   Based upon information and belief, Plaintiff's position remained open or a non-disabled person replaced Plaintiff; and based upon information and belief, Mr. Kaylor was

3

replaced by Multi-Color with a person who was substantially younger than him after his termination.

23. The "internal quality incident" used by Multi-Color as the basis for Mr. Kaylor's termination was not Mr. Kaylor's fault.

24. The job which gave rise to the "internal quality incident" was started on March 8, 2019, at approximately 11:30 pm by another press operator, Jeff McDaniel, who was required to check to ensure the proper colors were running at the outset.

25. Mr. McDaniel was not terminated by Multi-Color for his part in this internal quality error. Mr. McDaniel is substantially younger than Plaintiff, and Mr. McDaniel is not disabled.

26. Prior to starting the job, Dan Reynolds, Mr. McDaniel's supervisor, signed off on and approved the job to run with this internal quality error.

27. Mr. Reynolds was also not terminated by Multi-Color for his part in this internal quality error.

28. Mr. Kaylor did not start work on the job at issue until 6:00 a.m. the following morning.

29. Multi-Color's stated reason for terminating Mr. Kaylor was a pretext for discrimination against Mr. Kaylor's because of his age, 59, his worker's compensation claims against the company, and is, and was perceived by Multi-Color, as disabled from the effects of his stroke and transient ischemic attack (TIA).

30. Each one of these illegal motivations for Mr. Kaylor's termination was a "but for" cause for his termination by Multi-Color. Or, in the alternative, each illegal motivation was one

4

among other illegal reasons and motivating factors set forth herein upon which Multi-Color relied to discharge Plaintiff.

31.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission with regard to his federal claims for age discrimination under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*, in order to preserve and perfect those claims.  The ADEA charge was not filed with the Ohio Civil Rights Commission ("OCRC"), and expressly states it should not be considered or treated as a simultaneous filing with the OCRC, as Plaintiff elected to pursue his remedies under Ohio R.C. Chapter 4112 for age discrimination by means of this lawsuit.  Plaintiff also filed a charge with the EEOC with regard to his Americans with Disabilities Act claim.

32.     Plaintiff received a notice of right to sue letter from the EEOC dated October 11, 2019, and Plaintiff now amends his complaint to add claims for Age Discrimination under the federal ADEA, 29 U.S.C. § 621 *et seq*, and for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

## FIRST CAUSE OF ACTION:
## ILLEGAL RETALIATION FOR FILING WORKER'S COMPENSATION CLAIMS PURSUANT TO OHIO R.C. SECTION 4123.90

33.     Plaintiff incorporates the allegations above as if fully restated here.

34.     Plaintiff was fired by Multi-Color because Plaintiff filed and pursued multiple worker's compensation claims arising from his work-related injuries.

35.     The legal reasons proffered by Multi-Color for firing Plaintiff are a pretext for their illegal motivation for firing him.

36. Defendant Multi-Color's illegal retaliatory discharge of Plaintiff was a direct result of Plaintiff's protected activity of filing worker's compensation claims for work-related injuries and was the "but for" cause of his discharge for which alone Multi-Color would have terminated Plaintiff. Alternatively, it was one among other illegal reasons set forth herein upon which Multi-Color relied to discharge Plaintiff.

37. Plaintiff has suffered damages proximately caused by Multi-Color's illegal actions, and is entitled to back pay, prejudgment interest on backpay, reinstatement to his position of employment, and his reasonable attorney's fees incurred.

## SECOND CAUSE OF ACTION:
## ILLEGAL AGE DISCRIMINATION UNDER OHIO R.C. CHAPTER 4112.02(A)

38. Plaintiff incorporates the allegations above as if fully restated here.

39. Plaintiff was over the age of 40 and qualified for his job at all relevant times.

40. Defendant discriminated against Plaintiff by treating him differently than significantly younger, less qualified employees in violation of Ohio Revised Code Chapter 4112.02(A), and by replacing him with a substantially younger person after his termination.

41. Defendant discriminated against Plaintiff by terminating his employment on account of his age in violation of Ohio Revised Code Chapter 4112.02(A).

42. Defendant discharged Plaintiff's employment as a direct and proximate result of Defendant's discrimination of the basis of Plaintiff's age, and this was the "but for" cause of Plaintiffs termination by Defendant. Alternatively, it was one among other illegal reasons set forth herein upon which Defendant relied to discharge Plaintiff.

43. Defendant's proffered reasons for Plaintiff's discharge are a pretext for illegal age discrimination.

6

44.    Plaintiff was replaced by someone outside of the protected class. Plaintiff's termination permitted and/or resulted in the retention and hiring of a less qualified, substantially younger employee.

45.    Defendant's actions were intentional, willful, wanton, malicious and in conscious disregard for Plaintiff's rights, and Plaintiff is entitled to punitive damages.

46.    Defendant Multi-Color is liable for its discriminatory actions under R.C. Chapter 4112.02(A).

47.    As a direct and proximate result of Defendant's actions, Plaintiff suffered damages and is entitled to all available relief under Ohio Revised Code § 4112.02(A), Ohio R.C. § 4112.02(L), and Ohio R.C. § 4112.99.

## THIRD CAUSE OF ACTION:
## ILLEGAL DISCRIMINATATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT 29 U.S.C. § 621 *et seq*

48.    Plaintiff incorporates the allegations above as if fully restated here.

49.    Plaintiff was over the age of 40 and qualified for his job at all relevant times.

50.    Defendant discriminated against Plaintiff by treating him differently than significantly younger, less qualified employees in violation of the ADEA, including but not limited to 29 U.S.C. § 623.

51.    Defendant discriminated against Plaintiff by terminating his employment on account of his age in violation of the ADEA, including but not limited to 29 U.S.C. § 623.

52.    Defendant discharged Plaintiff's employment as a direct and proximate result of Defendant's discrimination on the basis of Plaintiff's age, and this was the "but for" cause of Plaintiff's termination by Defendant. Alternatively, it was one among other illegal reasons set forth herein upon which Defendant relied to discharge Plaintiff.

7

53.     Defendant's proffered reasons for Plaintiff's discharge are a pretext for illegal age discrimination.

54.     Plaintiff was replaced by someone outside of the protected class.  Plaintiff's termination permitted and/or resulted the retention and hiring of a less qualified, substantially younger employee.

55.     Defendant's actions were intentional, willful, wanton, malicious and in conscious disregard for Plaintiff's rights, and Plaintiff is entitled to punitive damages.

56.     As a direct and proximate result of Defendant's actions, Plaintiff suffered damages and is entitled to all available relief under the ADEA, including but not limited to 29 U.S.C. § 626.

## FOURTH CAUSE OF ACTION:
## ILLEGAL DISCRIMINATATION UNDER THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12101 *et seq*

57.     Plaintiff incorporates the allegations above as if fully restated here.

58.     Plaintiff was disabled as defined in the Americans with Disabilities Act and otherwise qualified for the position he held, either with or without reasonable accommodation. Alternatively, Multi-Color regarded Mr. Kaylor as having such an impairment or had a record of such impairment.

59.     Multi-Color was aware of Plaintiff's disability.

60.     Defendant discriminated against Plaintiff by treating him differently than non-disabled employees and differently than employees who were not perceived as having such an impairment in violation of the ADA including but not limited to violation of 42 U.S.C. § 12112.

8

61.     Defendant discriminated against Plaintiff by terminating his employment on account of his disability (or perceived disability) in violation of the ADA including but not limited to violation of 42 U.S.C. § 12112.

62.     Defendant discharged Plaintiff's employment as a direct and proximate result of Defendant's discrimination on the basis of Plaintiff's disability (or perceived disability), and this was the "but for" cause of Plaintiff's termination by Defendant. Alternatively, it was one among other illegal reasons set forth herein upon which Defendant relied to discharge Plaintiff.

63.     Defendant's proffered reasons for Plaintiff's discharge are a pretext for illegal discrimination on the basis of Plaintiff's disability.

64.     Plaintiff was replaced by someone outside of the protected class. Plaintiff's termination permitted and/or resulted the retention and hiring of less qualified, non-disabled employee. Plaintiff's position remained open or a non-disabled person replaced Plaintiff.

65.     Defendant's actions were intentional, willful, wanton, malicious and in conscious disregard for Plaintiff's rights, and Plaintiff is entitled to punitive damages.

66.     As a direct and proximate result of Defendant's actions, Plaintiff suffered damages and is entitled to all available relief under the ADA, including but not limited to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-4 *et seq.*

WHEREFORE, Plaintiff Bruce Kaylor demands judgment against the Defendant Multi-Color Corporation as follows:

A. That Plaintiff be reinstated to his employment;

B. That Plaintiff be awarded all lost pay and benefits (including but not limited to any pension and/or retirement plan benefits and vacation pay);

9

C.  That Plaintiff be awarded front pay;

D.  That Plaintiff be awarded compensatory damages, including damages for emotional distress;

E.  That Plaintiff be awarded punitive damages;

F.  That Plaintiff be awarded his reasonable attorney's fees and costs, including reasonable expert witness fees and costs of this action;

G.  That Plaintiff be awarded pre-judgment and post-judgment interest; and

H.  Any other remedy to which he may be entitled at law or in equity.

Dated: October 22, 2019

Respectfully submitted,

W. Kelly Lundrigan (0059211)
Nicole M. Lundrigan (0075146)
Cynthia M. Fischer (0073761)
LUNDRIGAN LAW GROUP CO, LPA
Zimcom Building
1080 Nimitzview Drive, Suite 402
Cincinnati, Ohio 45230
Phone (513) 813-7807
Fax (513) 826-9335
klundrigan@lundrigan-law.com
nlundrigan@lundrigan-law.com
cfischer@lundrigan-law.com
*Attorneys for Plaintiff Bruce Kaylor*

## JURY DEMAND

Plaintiff demands a jury trial on all issues that can be tried to a jury.

Cynthia M. Fischer

## PRAECIPE FOR SERVICE

TO THE CLERK OF COURTS FOR CLERMONT COUNTY, OHIO:

PLEASE ISSUE SERVICE OF PROCESS AND SUMMONS FOR THIS AMENDED COMPLAINT UPON THE DEFENDANT AT THE ADDRESSES BELOW BY UNITED STATES CERTIFIED MAIL, RETURN RECEIPT WITH SIGNATURE REQUIRED:

MULTI-COLOR CORPORATION
c/o Officer or Managing Agent
6053 Clough Woods Drive
Batavia, Ohio 45103

MULTI-COLOR CORPORATION
c/o C T Corporation System
4400 Easton Cmns Way
Suite 125
Columbus, Ohio 43219


THANK YOU.

Cynthia M. Fischer (0073761)

11

## FACSIMILE FILING COVER PAGE

<u>RECIPIENT INFORMATION:</u>

NAME OF COURT:  Clermont County Common Pleas Clerk of Court

FAX NUMBER:  732-7050

<u>SENDING PARTY INFORMATION:</u>

NAME:  Cynthia M. Fischer

SUPREME COURT REGISTRATION NUMBER (if applicable):  0073761

OFFICE/FIRM:  Lundrigan Law Group

ADDRESS:  1080 Nimitzview Drive, Suite 402, Cincinnati, Ohio 45230

TELEPHONE NUMBER:  513-813-7597

FAX NUMBER:  513-826-9335

E-MAIL ADDRESS (if available):  cfischer@lundrigan-law.com

<u>CASE INFORMATION:</u>

TITLE OF THE CASE:  Bruce Kaylor v. Multi-Color Corporation

CASE NUMBER:  2019 CVH 01227

TITLE OF THE DOCUMENT:  Amended Complaint

JUDGE:  McBride

<u>FILING INFORMATION:</u>

DATE OF FAX TRANSMISSION:  10-22-2019

NUMBER OF PAGES (including this page):  12

STATEMENT EXPLAINING HOW COSTS ARE BEING SUBMITTED, IF APPLICABLE: