IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| BRUCE KAYLOR, | : | Case No. 1:19-cv-999 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| MULTI-COLOR CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO REMAND (Doc. 6)**

This action is before the Court on Plaintiff Bruce Kaylor's motion to remand to state court pursuant to 28 U.S.C. § 1445(c) and due to lack of subject matter jurisdiction. Kaylor initiated this lawsuit in the Clermont County Court of Common Pleas. He brought claims for illegal retaliation for filing workers' compensation claims, in violation of Ohio R.C. 4123.90; age discrimination, in violation of R.C. 4112.02 and 29 U.S.C. § 621 *et seq*; and disability discrimination, in violation of 42 U.S.C. § 12101 *et seq*. Defendant Multi-Color Corporation removed the case to federal court. Kaylor moves this Court to remand the matter back to state court.

I.

Kaylor's basis for remand is 28 U.S.C. § 1445(c). That statute reads as follows: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." He argues that his

claim of retaliatory discharge under R.C. 4123.90 arises under Ohio's workers' compensation laws and, accordingly, § 1445(c) precludes any part of this action being removed from state court to federal court.

Multi-Color does not deny that the R.C. 4123.90 claim arises under Ohio's workers' compensation laws and is thus nonremovable under § 1445(c). But it maintains that § 1445(c) does not provide a basis to remand the entire action to state court. In its view, the Court should deny the motion to remand to the extent it seeks remand of any claims besides the nonremovable one. It also contends that nonremovable claims may be severed and remanded under § 1441(c)(2).

II.

The party removing the action to federal court bears the burden of showing that the district court has original jurisdiction over the action. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Courts construe the removal statute strictly in favor of state court jurisdiction, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941), and resolve doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

A.

The starting point of this dispute is Kaylor's claim for retaliation for filing workers' compensation claims, pursuant to R.C. 4123.90. Since this action began in state court, the R.C. 4123.90 claim cannot be removed to federal court if it arises under Ohio's workers' compensation laws. 28 U.S.C. § 1445(c). "A civil action arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of

action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 203 (6th Cir. 2004).  This Court has addressed several times whether R.C. 4123.90 "arises under" Ohio's workers' compensation laws, and has concluded it does. *E.g., Mencer v. Kraft Foods Glob., Inc.*, 695 F. Supp. 2d 667, 678 (S.D. Ohio 2010).  So the claim arising under R.C. 4123.90 is clearly not removable to this Court.  *See* 28 U.S.C. § 1445(c).

B.

What about the other claims?  Kaylor maintains that, not only does § 1445(c) make the workers' compensation claim nonremovable, but it makes the entire action nonremovable.  Yet the jurisdictional standard in § 1441(c)(1) provides that an action containing nonremovable claims may be removed, if certain conditions are met.  Section 1441(c)(1) reads this way:

> If a civil action includes—
>
>> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>> (B) a claim not within the original or supplemental jurisdiction of the district court or *a claim that has been made nonremovable by statute*,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C. § 1441(c) (emphasis added).

A three-part jurisdictional standard emerges from this text, as it relates to actions which contain a claim that is statutorily nonremovable.  The entire action may be removed if the action (1) includes a claim that raises a federal question within the meaning of 28 U.S.C. § 1331; (2) includes a claim that a statute has made nonremovable;

3

*and* (3) would be removable without the nonremovable claim.

This action meets that standard. The workers' compensation claim under R.C. 4123.90 is nonremovable, satisfying the second criterion. The other claims include alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. These claims raise federal questions under § 1331, satisfying the first requirement. The federal claims also permit the action to be removed without the inclusion of the nonremovable claim, *see* 28 U.S.C. § 1441(a), satisfying the third requirement in § 1441(c)(1). Accordingly, the "entire action" may be removed under § 1441(c)(1).

C.

The workers' compensation claim, however, remains nonremovable under § 1445(c). Section 1441(c)(2) instructs this Court on what to do when an action contains both removable and nonremovable claims:

> Upon removal of an action described in paragraph (1), the district court *shall sever* from the action all claims described in paragraph (1)(B) and *shall remand* the severed claims to the State court from which the action was removed.

28 U.S.C. § 1442(c)(2) (emphases added). The uses of the word "shall" indicates a mandatory course of action a district court must take: it must *sever* the nonremovable workers' compensation claim from the other claims and *remand* the severed claim. And, by natural operation of the words "sever" and "remand," the Court retains jurisdiction over the non-severed claims.

Kaylor resists this conclusion, contending that litigating the workers'

4

compensation claim in state court and the remaining claims in federal court would lead to inefficiency, duplicative litigation, and potentially inconsistent judgments. While this may be so, the express provisions of § 1441(c)(2) foreclose this argument and limit this Court's discretion. A straightforward reading of § 1441(c) shows that Congress allowed for the parallel litigation of related claims in both state and federal courts. It is true that some courts, when remanding nonremovable § 1445(c) claims, have also remanded claims over which they had original jurisdiction. *E.g.*, *Unterberg v. Exxon Mobil Corp.*, No. CIV. 14-00181 JMS, 2014 WL 3420779, (D. Haw. July 10, 2014); *Horn v. Kmart Corp.*, No. 1:06-CV-493, 2007 WL 1138473, at *3 (S.D. Ohio Apr. 16, 2007). But two related themes distinguish those decisions from this case.

First, in the full-remand cases, the courts' original jurisdiction generally comes from diversity, not a federal question. *E.g., Mencer v. Kraft Foods Glob., Inc.*, 695 F. Supp. 2d 667, 678 (S.D. Ohio 2010); *Jackson v. Wal-Mart Stores Texas, LLC*, 925 F. Supp. 2d 810, 814 (N.D. Tex. 2013). The distinction makes sense—actions eligible for severance under § 1441(c)(2) will include federal claims. *See* 28 U.S.C. § 1441(c)(1)(A). A comparison between *Unterberg*—the Hawaii decision on which Kaylor relies—and this case puts the significance of this distinction on display. In *Unterberg,* the court held that, since it found no claim raising a federal question, the prerequisites of § 1441(c)(1) were not met. That conclusion put the nonremovable claim out of the severing reach of § 1441(c)(2). In this case, by contrast, there are claims that raise federal questions and satisfy § 1441(c)(1)(A). So the reasoning in *Unterberg* does not apply here.

Second, the full-remand cases generally predate the 2011 amendments to § 1441.

*E.g., Goble v. City of Brunswick*, 491 F. Supp. 2d 722, 724 (N.D. Ohio 2007). Prior to those amendments, *Goble* may have supported Kaylor's position that application of § 1445(c) (i.e., the inclusion of a nonremovable claim) prevents removal even if there is a federal claim. Yet this is no longer the correct approach. The question of whether a court should remand an entire action or just a workers' compensation claim was "resolved by Congress's [2011] revision to the removal statutes." *Miley v. Hous. Auth. of City of, Bridgeport*, 926 F. Supp. 2d 420, 428 (D. Conn. 2013). The statute as written now "mandates that the Court must sever and remand only the non-removable workers' compensation claim." *Id.* Other courts have reached the same conclusion.[1]

Kaylor raises a fair point that the term "civil action" in § 1445(c) seems to encompass the entire case and, as such, the inclusion of a workers' compensation claim makes the entire case nonremovable. The Sixth Circuit has interpreted "action" to mean "the entire controversy," whereas "claim" traditionally refers to a "cause of action."

---

[1] *Pomales v. Lowe's Home Centers, LLC*, No. 3:19CV831 (JBA), 2019 WL 6271252, at *1 (D. Conn. Nov. 25, 2019) (severing and remanding workers' compensation claim, retaining jurisdiction over other claims); *Harris v. NewRez, LLC*, No. 119CV02211STAJAY, 2019 WL 3254800, at *7 (W.D. Tenn. July 19, 2019) (remanding claims not within court's supplemental jurisdiction, retaining jurisdiction over federal question claim); *Hank v. Great Lakes Constr. Co.*, No. 1:16-CV-02104, 2018 WL 4442301, at *11 (N.D. Ohio Aug. 9, 2018) (recommending severance of a workers' compensation retaliation claim and retention of remaining state and federal claims); *D.H. ex rel. Harris v. Matti*, No. 3:14-CV-732-DJH, 2015 WL 3581125, at *3 (W.D. Ky. June 5, 2015) (§ 1441(c)(2) "does not allow the Court to remand an entire action to state court. This is because 28 U.S.C. § 1441(c)(2) would require the Court to sever those claims over which it lacked original or supplemental jurisdiction and remand only those claims to state court."); *Nicely v. Safeway, Inc.*, No. CIV.A. DKC 13-2827, 2013 WL 6552084, at *4 (D. Md. Dec. 12, 2013) ("1441(c) now provides an entirely separate category of claims that can make a civil action eligible for removal if it includes claims grounded in federal law: those that have been made nonremovable by statute."); *Lamar v. Home Depot*, 907 F. Supp. 2d 1311, 1316 (S.D. Ala. 2012) (partial remand of workers' compensation claim only); *Brown v. K-MAC Enterprises*, 897 F. Supp. 2d 1098, 1102 (N.D. Okla. 2012) (same). *See also Carey v. Bank of Am., N.A.*, 904 F. Supp. 2d 617, 620 (N.D. Tex. 2012) ("Nonetheless, in the case of federal question jurisdiction, Congress did provide an exception to this full-civil-action-remand requirement with § 1441(c) which allows for severance and remand.").

6

*Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). So it is a valid observation that "civil action" refers to the entire action, conventionally.

But, if the Court adopted Kaylor's position here, it would oversubstantiate the conventional meaning of a term at the cost of failing to apply a statute. This argument triggers the presumption against ineffectiveness—"the idea that Congress presumably does not enact useless laws." *United States v. Castleman*, 572 U.S. 157, 178 (2014) (Scalia, J., concurring). *See also* Antonin Scalia & Bryan A. Garner, *Reading Law* 63 (2012). The Sixth Circuit has cautioned against interpretations that render statutory provisions a "dead letter." *In re Davis*, 960 F.3d 346, 354 (6th Cir. 2020) (quoting *United States v. Hayes*, 555 U.S. 415, 427 (2009)). If § 1445(c) forbade the removal of an entire action when it includes a claim arising under a state's workers' compensation laws, it would be impossible, in cases like this one with both federal and nonremovable claims, to give effect to § 1441(c). Such a reading of § 1445(c) would deprive § 1441(c) of "any meaningful effect" and so merits skepticism. *Id.*

A better alternative is to attempt a harmonious reading between § 1441(c) and § 1445(c). The role of the judicial branch is to apply statutes as written when their meanings are clear. "[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Morton v. Mancari*, 417 U.S. 535, 551 (1974). Here, § 1445(c) and § 1441(c) "work in concert." *Miley*, 926 F. Supp. 2d at 428. Section 1445(c) clearly prohibits removal of the workers' compensation claim arising under Ohio law. And, since this action includes a statutorily nonremovable claim, we are working squarely within the scope of § 1441(c)(1).

7

But, § 1441(c)(1) does not say that actions which include state workers' compensation claims may never be removed.  To the contrary, it provides for their removal, as long as the civil action includes a claim raising a federal question.  Thus, § 1441(c) "expressly contemplates the exact scenario facing the Court in which a civil action contains both federal claims and non-removable claims." *Id.* at 428–29.  In this scenario, § 1441(c)(2) clearly directs the Court to sever the nonremovable claim from the lawsuit and remand the severed claim to State court.  And, since § 1441(c) as a whole unambiguously permits removal in this instance and § 1441(c)(2) mandates remand only of nonremovable claims, the Court retains jurisdiction of the other claims.

As such, the United States Code directs this Court to sever a nonremovable workers' compensation claim from a lawsuit and remand the severed claim to the State court from which it was removed.  28 U.S.C. § 1441(c).  The Court applies that provision here.

III.

For the above reasons, the Court **GRANTS IN PART AND DENIES IN PART** Kaylor's motion to remand.  The Court **SEVERS** and **REMANDS** Kaylor's claim arising under R.C. 4123.90 to the Clermont County Court of Common Pleas and **RETAINS JURISDICTION** over all remaining claims.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature]*
JUDGE MATTHEW W. McFARLAND

8